UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60120-CIV-UNGARO/SIMONTON

LATEDRA GILLMORE-WHITE,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____/

### REPORT AND RECOMMENDATION THAT
### PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER
### THE EQUAL ACCESS TO JUSTICE ACT BE GRANTED

Presently pending before the Court is Plaintiff's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE # 24). This motion is fully briefed (DE ## 37, 38, 40) and referred to the undersigned Magistrate Judge (DE # 36). Based upon a thorough review of the record and for the reasons stated herein, it is RECOMMENDED that Plaintiff's Motion be GRANTED.

This is an action to obtain Social Security benefits. Following a decision issued by the Social Security Administrative Law Judge that was fully favorable to Plaintiff, and pursuant to the parties' agreement, the District Court entered a Final Judgment in favor of Plaintiff on March 10, 2009 (DE # 34).

In accordance with the terms of the Final Judgment, Plaintiff's motion for Attorneys' Fees and Costs Pursuant to the EAJA, which was originally filed on February 4, 2009, was deemed filed on March 10, 2009. In her motion, Plaintiff sought a fee award of $4,634.64, based on 26.35 hours of attorney time at the statutorily-permitted rate of $175.88 per hour (DE # 24, Ex. A at 3, 5 & Ex. D at 6).

The government filed a response stating that it does not oppose Plaintiff's application for attorney fees under the EAJA in the amount of $4,634.64; and, it specifically requests that the Court enter an Order awarding EAJA fees in this amount (DE # 37). Although the government initially stated that it opposed the payment of fees to Plaintiff's counsel, rather than to Plaintiff, it withdrew this objection in its surreply, based on the fact that Plaintiff assigned her entitlement to a fee award to her attorney (DE # 40).[1]

Despite the withdrawal of its objection to the payment of attorney's fees directly to Plaintiff's counsel, the government added in its surreply that "[t]he assignment will not, however, prevent the United States Department of Treasury from applying the EAJA payment to offset a debt owed by Plaintiff in accordance with 31 C.F.R. § 285.5(e)(6)(ii)" (DE # 40). The undersigned finds that this statement is either hypothetical or premature at this juncture, because there is no indication in the present record as to whether an offset in the amount of EAJA is justified for any reason. In any event, the Court will not consider requests for relief raised for the first time in a surreply; and, thus, if the government believes it is entitled to relief, it must first consult with opposing counsel before filing a motion with this Court seeking the appropriate relief in accordance with the Federal and Local Rules. Although this request is therefore not explicitly addressed in this Report and Recommendation, this does not preclude the government from taking any action authorized by law with respect to an offset.

Thus, in light of the government's concession that Plaintiff is entitled to an award

---

[1] *See Hartley v. Astrue*, No. 3:06-cv-794-J-MCR, 2008 WL 2357690, at *2 (M.D. Fla. Jun. 5, 2008) ("[T]his Court does not interpret *Reeves* as preventing an assignment of [EAJA] fees.")

of $4,634.64; its request that the "Court enter an [O]rder awarding EAJA fees in this

amount," (DE # 37 at 1);[2] and its acknowledgment that the EAJA fee may be paid

"directly to Plaintiff's counsel as assignee" (DE # 40 at 1), it is respectfully

**RECOMMENDED** that Plaintiff's Motion for Attorneys' Fees and Costs Pursuant

to the EAJA (DE # 24) be **GRANTED**, and that the District Court enter an Order granting

Plaintiff's counsel an award of attorneys' fees in the amount of $4,634.64 pursuant to the

EAJA and pursuant to the assignment of Plaintiff's entitlement to attorneys' fees in this

matter to her counsel, Nora Staum, Esq.

Pursuant to S. D. Fla. Magistrate Judge Rule 4(b), the parties shall have ten days

from the service of this Report and Recommendation to file written objections to this

Report and Recommendation.  Failure to file objections timely shall bar the parties from

attacking on appeal any factual findings contained herein.  *RTC v. Hallmark Builders,

Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.

1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on June 4, 2009.

*Andrea M. Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  The undersigned notes two minor discrepancies in the instant motion.  First, in the instant motion, Plaintiff states that her counsel "incurred a total of 53.98 hours in the U.S. District Court" (DE # 24 at 2), but this statement is an obvious typographical error, as the documentation supporting the fee request clearly establishes that the appropriate amount of attorney time is 26.35 hours (DE # 24, Ex. A at 3 & Ex. D at 6).  Second, 26.35 hours multiplied by $175.88 per hour equals $4,634.44, although Plaintiff requested an attorney fee award of $4,634.64 and the government agrees that she is entitled to this amount under the EAJA.  The parties do not address this matter and the undersigned therefore recommends that the amount of Plaintiff's fee award be consistent with the parties' agreement.

**Copies furnished to:**
**The Honorable Ursula Ungaro,**
  **United States District Judge**
**All counsel of record**